# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4073 | **DATE** | 10/14/2004 |
| **CASE TITLE** | Kresge vs. Jackson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion, plaintiff's motion to remand is granted. Order cause remanded back to the Circuit Court of Cook County. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | OCT 15 2004 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |
| MW6 courtroom deputy's initials | 2004 OCT 15 AM 8:53 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | OCT 15 2004 date mailed notice mailing deputy initials |

Document Number: 12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KENNETH R. KRESGE, )
)
    Plaintiff, )
)
v. ) No. 04 C 4073
)
)
MATTHEW C. JACKSON and )
AGEE MOTOR FREIGHT, INC., )
)
    Defendants. )

OCT 1 5 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Kenneth R. Kresge's ("Kresge") motion to remand. For the reasons stated below, we grant the motion to remand.

## BACKGROUND

Kresge claims that on May 23, 2002, Defendant Matthew C. Jackson ("Jackson") was an employee of Defendant Agee Motor Freight, Inc. and was driving a semi-tractor trailer. According to Kresge while he was walking in a parking area, Jackson ran over his foot with the semi-tractor trailer. Kresge filed an action against Defendants in Illinois state court and Defendants removed the instant

1

action to federal court. Kresge now requests that the court remand the action back to Illinois state court.

## LEGAL STANDARDS

A party may file a motion to remand a case for improper removal based on lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Any doubt regarding jurisdiction should be resolved in favor of remanding to the state. *Id.* Furthermore, removal is only proper where the state court claims could have originally been brought in federal court. 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

## DISCUSSION

On June 28, 2004, we ordered the parties to file a joint jurisdictional status report in accordance with our standing order. Instead of filing a joint report the parties filed separate reports and Kresge indicated in his report that the court lacks subject matter jurisdiction. We explained by minute order on August 17, 2004, that Kresge had apparently misunderstood the purpose of the ordered joint jurisdictional status report which is to assure the court that it has jurisdiction. We informed Kresge that the proper avenue for challenging subject matter jurisdiction would be a

2

motion to remand. Since Kresge already filed his report containing arguments regarding our lack of jurisdiction, we indicated that we would deem the report a motion to remand and provided a briefing schedule for the parties. We received no objections from the parties and the motion to remand was fully briefed.

The basis for Kresge's jurisdictional challenge is his contention that the amount in controversy requirement is not met in the instant action. One requirement for diversity subject matter jurisdiction is that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a). For cases filed originally in federal court, a case will generally not be dismissed for failure to meet the amount in controversy requirement unless the defendant shows that "to a legal certainty . . . the claim is really for less than the jurisdictional amount." *Smith v. American General Life and Acc. Ins. Co., Inc*, 337 F.3d 888, 892 (7th Cir. 2003). However, for cases filed in state court and removed to federal court, a different rule applies to the amount in controversy determination. *Id.* For removal cases "the amount alleged in the plaintiff's complaint, if sufficient to meet the jurisdictional requirements of § 1332, is presumed correct on the assumption that a plaintiff would not fabricate the amount in controversy to meet the federal diversity jurisdiction requirements and then file her suit in state court relying on the defendant to remove the case to federal court." *Id.* A removing party must point to "evidence that proves to a reasonable probability that jurisdiction, including the requisite amount in controversy, exists." *Tropp v. Western-Southern Life Ins. Co*, 2004 WL

3

1858369, at *3 (7th Cir. 2004). *See also Smith*, 337 F.3d at 892 (stating that the removing party bears the burden of offering "evidence which proves to a reasonable probability that jurisdiction exists.").

Defendants argue that the amount in controversy requirement is met because Jackson allegedly presented a demand to Defendants for settlement in the amount of $75,000 prior to the filing of the action in state court. Defendants argue that prior to the amended notice of removal, Kresge's damages "may have accrued," thus making the amount in controversy in excess of $75,000. Kresge contends that on July 4, 2004, he served on Defendants his response to Defendants' request to admit in which he denies "that the damages sought in this action exceed $75,000." We find that Defendants' reliance on a settlement offer made at the initial stages of the controversy, prior even to the filing of the state action, are misplaced. It is entirely plausible that Kresge did not have a firm grasp on the extent of his damages at that juncture. It is also entirely plausible that such a settlement demand might have been made at a much higher value than the actual amount in controversy as part of a bargaining strategy so that when counteroffers are presented and the parties negotiate a middle ground Kresge would stand in a better position. Kresge has refused to admit that the amount in controversy exceeds the required amount. Defendants have offered absolutely no facts to support their position other than the settlement demand and a vague reference to the possibility that Kresge "may continue" to suffer additional damages. Defendants speculate that the possible

additional damages incurred by Kresge after the filing of the action must at least equal one dollar. The lack of support included in Defendants' answer to the instant motion is a telling sign that Defendants are without a basis to support their "good faith belief" that the amount in controversy requirement is met.

Defendants cite only to the case of *Rubel v. Pfizer Inc.*, 276 F.Supp.2d 904, 908 (N.D. Ill. 2003) to support their position that they need only show a good faith belief that the amount in controversy requirement is met. However, *Rubel* is not controlling precedent. Also, Defendants themselves acknowledge that the court in *Rubel* indicated that a defendant must "demonstrate no more than a good faith, *minimally reasonable* belief that the suit might result in a judgment in excess of [$75,000]." *Id.* (emphasis added). In the instant action, Defendants have not provided sufficient evidence to form a "minimally reasonable" belief concerning the amount in controversy requirement. The facts or lack thereof in support of their position show that Defendants' position is based on pure speculation. In addition, we note that the court in *Rubel* relies upon *Normand v. Orkin Exterminating Co., Inc.*, 193 F.3d 908, 910 (7th Cir.1999) which is not as recent as *Smith v. American General Life and Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003) and *Tropp v. Western-Southern Life Ins. Co.*, 2004 WL 1858369, at *3 (7th Cir. 2004) cited above that explained in detail the burdens on the removing party. Also, Defendants fail to mention that even in *Rubel* the court stated that the "burden of establishing federal jurisdiction falls on the party seeking removal" and that "any doubt regarding

jurisdiction should be resolved in favor of state courts." 276 F.Supp.2d at 906-07. Thus, even under the standard elucidated in *Rubel*, Defendants have not met their burden. Therefore, we find that Defendants have not shown that the amount in controversy requirement is met and we grant Kresge's motion to remand.

## CONCLUSION

Based on the foregoing analysis, we grant Kresge's motion to remand.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 14, 2004